Nott, J.,
delivered the opinion of the court:
The court is of the opinion that this case in every essential element is precisely like that of Marshall O. Roberts et al. (92 U. S. R., 41). The service was rendered to the Post-Office Department; it. was additional to that required by an express contract existing between the parties ; it was accepted by the Postmaster-General with an agreement or understanding that compensation therefor must be subjectto and dependent upon the future action of Congress; the services rendered under the express contract were duly paid for; and, finally, Congress has passed a special act referring the claim to this court, and directing the manner in which the damages, if any, shall be computed. (Act ith August, 1886, 24 Stat. L., 875.)
Concerning the former case the Supreme Court held that the effect of the private act was to validate a claim where no legal obligation existed, and to prescribe and limit the liability which it created.
It is manifest that where there was no legal obligation to pay the principal, there could have been no implied obligation to pay interest.
The services of the claimant being voluntary, no liability therefor arose until the private act came and assumed one,, which it both restricted and defined. From the legal obligation thus created no obligation to pay interest arose, for the Government was then ready and willingin contemplation of law to meet that obligation; and the remedy which the statute gave was, so far as the Government was concerned, immediate.
By the ordinary law of debtor and creditor, interest is incident to the debt, and the obligation to pay it, if n >t expressed *149 and tlie rate fixed by agreement, is implied, and the rate fixed by law. But the law which regulates the obligations of a government assumes that it is always ready to pay its lawful debts when properly presented, and that it is not liable for the laches or mistakes of its agents if they negligently or erroneously refuse to pay. Hence there is no law fixing a rate of interest for all clases of the public debt, and a long-established public policy has been to pay interest only where it is a subject of express agreement or of positive enactment.
In the numerous cases which have been brought against the Government in this court during a period of nearly twenty-five years, interest has been recovered in only one, McKee's Case (10 O. Gis. B., 231), and that one was affirmed by a divided court (91 U. S. B., 442). The recovery rested upon the fact that the debt belonged to a class on which the Ordincmee 7 th May, 1787 (1 Laws U. S., p. 062), and likewise the subsequent policy of Congress had expressly allowed interest; and that the private act referring the claim to this court directed that its adjustment should be governed by “rules and regulations heretofore adopted by the United States in the settlement of like cases.” In the subsequent case of Tillson (100 U. S. B., 42), the Supreme Court held that a private act, referring to this court a claim founded upon a contract with the United States, did not authorize a recovery of interest unless it expressly said so. The present case comes under the decision in Tillson and not under the decision in McKee, and interest can not be recovered. As to the principal there is no controversy.
The judgment of the court is that the claimant recover of the defendants the sum of $4,125.'