Nott, J.,
delivered the opinion of the court:
This is an action brought upon a judgment which was recovered by the claimant against an internal-revenue collector of the United States, and which was rendered under the mandate of the Supreme Court. The accounting officers of the Treasury, while they have'allowed and paid to the claimant the greater part of the judgment, have withheld, in zealous defense of the Government, $107,978.28, with subsequently accrued interest; and.it is for this' money so withheld that the action is brought.
*28 The important and significant amounts in this controversy are as follows:
The arnouut levied and paid into the Treasury by the collector was... $550,173.60
The verdict of the jury March 28, 1878. 499, 443. 68
The judgment entered thereon October 16, 1878, including'interest and costs. 518,940.99
The judgment entered December 1, 1882, under the mandate
of the Supreme Court. 669,341.39
The amount thereon allowed and paid at the Treasury. 561,363.11
The amount withheld, exclusive of subsequently accrued interest.i.'. 107,978.28
Though not thus analyzed upou the argument, the defense may be separated into three.parts: First, as to errors in tbe verdict itself; second, as to interest on the verdict which appears upon the face of the record and was incorporated into the final judgment; third, as to interest upon the judgment from the time of its entry to the present time.
(1) As to the verdict of the jury, it was not a special verdict. The amount, though it included interest, was less than the amount which had been exacted from the claimant and paid into the Treasury. Various elements of demand and defense, under the instructions of the court (and interest was one of them), were submitted to the jury, and these elements crystal-ized in the jury-room in a general verdict of $499,443.68. No juror has been called to explain the verdict, or to show of what elements the total amount consisted; and this court is unable, from an inspection of the record, to say what were tbe items of damages which the jury reduced to the form of a general verdict. The ease was submitted to the jury under the instructions of the Circuit Court; if the instructions were erroneous, they could be, and indeed were, reviewed on exceptions under a writ of error; if the jury disregarded the instructions, the remedy was a motion to set aside the verdict; in the absence of such a motion,'if must be presumed that the jury followed the instructions and committed no error. The inferential facts, derived from the analyses of expert accountants, on which the accounting officers founded some of their deductions, however plausible or probable, are but conjectures, which can not be considered by á court.
(2) As to the alleged error appearing upon the face of the finai judgment, it consists in the allowance of interest from January 1, 1880, to December 1, 1882, at 7 per cent., during a *29 period when the law of New York had reduced the rate of interest to 6 per cent. Act 20th June, 1879 (Laws N. Y., 1879, p. 598).
This court, is of the opinion that the error in the final judgment can not be inquired into collaterally. The mandate of the Supreme Court affirmed the previous judgment with interest, until paid, at the same rate per annum that similar judgments hear in the courts of the State of New YorltP Between the recovery of the judgment so affirmed and the issuing of the mandate, the rate of interest in New York had been reduced, the statute, however, making certain exceptions. In the opinion of the Circuit Court this judgment was one of those exceptions. Upon the correctness of that ruling this court expresses no opinion. The nominal defendant, Collector Bailey,.and the active defendants, the United States, rested content with it; and neither the accounting officers nor this court can sit as an appellate tribunal to modify its terms or correct its errors. Its integrity in all collateral proceedings is indeed vital to the remedy intended by the law and to the maintenance of the plaintiff’s legal rights.
When, on the 1st December, 1882, the plaintiff in the suit against John M. Bailey recovered under the mandate of the Supreme Court, a judgment of $669,341.39, he acquired, as against that defendant, the highest evidence of indebtedness known to the law, and the judgment was to all intents and purposes a vested right. The money for which the judgment was recovered had been paid into the Treasury of the United States; the United States had appeared and defended the action, and on their interposition a certificate of probable cause had been issued, which instantly operated upon the judgment and practically destroyed the debt as against the judgment debtor.
It is impossible to suppose that the law intends to allow an action to be prosecuted against a public officer, an appeal to be taken, a defense to be maintained by the Government through the proper law officers, a judgment to be recovered under the direction of our highest judicial authority, and then the right thus acquired to be immediately taken away by a certificate resting in the discretion of a single judge, upon an issue not tried, by the jury, and allowed by an order from which there is no appeal, unless it likewise intends that the absolute discharge of the agent shall operate as an assumption of the debt *30 by the principal. And it seems to tbe court incontrovertible that, if the law allows the Government to relieve a public officer from liability for acts done in its service, and at the same time to accept the benefits and assume the responsibility of those acts, the responsibility of the one is commensurate with the liability of the other; and the latter is not subject to the scrutiny of any other jurisdiction than that in which it arose.
(3) As to the demand for interest which has accrued on the final judgment, the court is of the opinion that it can not be recovered in this action.
The statute which limits our authority is imperative that—
“ No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest.?’ (Eev. Stat., § 1091.)
In other words, the statute excludes from our jurisdiction interest when it is in the nature of damages, and authorizes a recovery for it only when it is the subject of express agreement. We fully agree with the New York Court of Appeals in O’Brien v. Young (95 N. Y. R., 428), that while a judgment may be treated as a contract for certain purposes, it is not a contract in the sense of a voluntary agreement.
We have had occasion to say, in another case during the previous term, that the remedy given by an action in this court is, in contemplation of law, immediate, and to review the cases where interest has and has not been allowed; and we deem what is there said to be applicable to the present case. (Wightman’s Case, 23 C. Cls. R., 144.)
We do not decide that the judgment against Bailey ceased to bear interest when the United States assumed the responsibility of discharging it; nor do we decide that interest has not accrued and become rightfully and legally due to the claimant, but simply that this court is prohibited from awarding it as damages against the United States.
The judgment of the court is that the claimant recover from the defendant the sum of $107,978.28.
Dayis, J., did not sit in this case and took no part in the decision.